UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIMBERLY C. STATUM,

       Plaintiff,

v.                                 CASE NO. 3:14-cv-1297-J-34MCR

CAROLYN W. COLVIN, Commissioner
of the Social Security Administration,

       Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss or in

the Alternative Motion for Summary Judgment ("Motion") (Doc. 25), Plaintiff's

Response thereto (Doc. 29), and Plaintiff's Response to the Court's Order dated

January 13, 2016 (Doc. 33).  For the reasons stated herein, the undersigned

recommends that the Motion be **DENIED**.

### I.    Introduction

On October 23, 2014, Plaintiff filed her *pro se* Complaint in this Court,

seeking a reversal of the Commissioner's August 18, 2014 final decision on

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed.R.Civ.P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

Plaintiff's applications for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income dated February 15, 2011.  (Docs. 1 & 1-1.)  On August 5, 2015, the Court entered an Order granting Plaintiff's motion for appointment of counsel after considering the circumstances of this case, including Plaintiff's alleged mental disabilities, and appointing Erik Berger, Esq. as counsel for Plaintiff pursuant to the Jacksonville Division Civil Pro Bono Appointment Program.  (Doc. 19.)  On August 7, 2015, Plaintiff, through her newly appointed counsel, filed an Amended Complaint.  (Doc. 21.)

On October 19, 2015, Defendant filed the present Motion to which Plaintiff responded on November 6, 2015.  Defendant seeks dismissal of this case for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), or, alternatively, summary judgment in Defendant's favor pursuant to Fed.R.Civ.P. 56, based on the alleged untimeliness of the Complaint.  (Doc. 25.) In light of the exhibits submitted with Defendant's Motion and Plaintiff's Response thereto, including the Declaration of Nancy Chung and the Affidavit of Kimberly Statum, on January 13, 2016, the Court advised the parties that Defendant's Motion would be treated as a motion for summary judgment.  (Doc. 32.)  The parties were advised of the ramifications of Rule 56 summary judgment consideration, were given notice that summary judgment review would be conducted on or after January 27, 2016, and were advised that additional evidentiary materials could be submitted prior to that date.  (*Id.*)

2

On January 13, 2016, Plaintiff filed a Response to the Court's January 13, 2016 Order.  (Doc. 33.)  To date, neither party has submitted any additional evidentiary materials.  Accordingly, the Motion is now ripe for review.

## II.     Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the non-movant.  *See Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).  In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment."  *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995) (citing *Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro*, 38 F.3d 1571, 1578 (11th Cir. 1994)).  The inferences, however, must be plausible.  *See Griesel v. Hamlin*, 963 F.2d 338, 341 (11th Cir. 1992); *Mize*, 93 F.3d at 743.  If a reasonable juror could infer from the evidence presented the conclusions upon which the non-moving party depends, the motion for summary judgment should be denied. *Alphin v. Sears, Roebuck & Co.*, 940 F.2d 1497, 1500 (11th Cir. 1991).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial.  *See Clark v. Coats & Clark, Inc.*,

929 F.2d 604, 608 (11th Cir. 1991).  "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (internal citations and quotation marks omitted).

## III.   Discussion

Pursuant to 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added); *see also* 20 C.F.R. §§ 404.981, 416.1481, 422.210(c).[2]  The Commissioner has interpreted "mailing" as the date of receipt by the individual of either the Appeals Council's notice of denial of request for review of the presiding officer's decision or the Appeals Council's decision, which "shall be presumed to be 5 days after the date of such notice, unless there is a

---

[2] "[T]he 60-day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478 (1986).  Thus, "it is clear that the doctrine of equitable tolling is available to a claimant whose § 405(g) challenge in the district court was untimely." *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007).  However, "traditional equitable tolling principles require that the claimant demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment." *Id.* at 1355.

reasonable showing to the contrary."  20 C.F.R. § 422.210(c); *see also* 20 C.F.R.

§§ 404.901, 416.1401 ("*Date you receive notice* means 5 days after the date on

the notice, unless you show us that you did not receive it within the 5-day

period.").

Defendant argues that Plaintiff had until October 22, 2014, which is 65

days from August 18, 2014, to file her Complaint.  Because the Complaint was

filed on October 23, 2014, Defendant argues that it was untimely.  In support,

Defendant submits the Declaration of Nancy Chung who is with the Social

Security Administration's Court Case Preparation and Review Branch 3 of the

Office of Disability Adjudication and Review.  Ms. Chung's Declaration provides in

relevant part:

> (a)    On December 12, 2012, an Administrative Law Judge issued a
> decision denying the plaintiff's claim for benefits under Titles II and
> XVI, and mailed a copy thereof to the plaintiff (Exhibit 1).  Thereafter,
> the plaintiff requested review of this decision.  On August 18, 2014,
> the Appeals Council sent, by mail addressed to the plaintiff at 12041
> Alexandra Drive, Jacksonville, FL 32218, with a copy to the
> representative, notice of its action on the plaintiff's request for review
> and of the right to commence a civil action within sixty (60) days from
> the date of receipt (Exhibit 2).
> (b)    At the time of signing this Declaration, the undersigned is not
> aware of any request for an extension of time to file a civil action . . .

(Doc. 25-3 at 3.)   The Notice of Appeals Council Action advised Plaintiff that she

had 60 days to file a civil action, explaining: "The 60 days start the day after you

receive this letter.  We assume you received this letter 5 days after the date on it

unless you show us that you did not receive it within the 5-day period."  (Doc. 25-

2 at 3.)

Plaintiff responds that her Complaint, filed on October 23, 2014, is timely because she received the Notice of Appeals Council Action on August 25, 2014 and, therefore, had until October 24, 2014 to file the Complaint.  In support, Plaintiff submits her own Affidavit, which provides in relevant part:

> 2.      I affirm that I received a copy of the decision of the Appeals Council dated August 18, 2014 on August 25, 2014.  I know this because I recall calculating the due date of the Complaint and made sure that I marked my calendar to make certain that I filed the Complaint no later than one day before the expiration of the 60 days. At that time I noted that the very last day I could file the appeal was October 24, 2014 and my plan was to actually file it no later than October 23, 2014.
> . . .
> 4.      As you can see from my copy of the Appeals Council's decision which is attached to this affidavit, upon receipt of the decision I reviewed the information regarding how to file and the time to file a civil action and was well aware that I had 60 days from my receipt of the Appeals Council decision.
> 5.      Finally, I would also note that my mail is delivered by an independent contractor and has been since April 2012.  There have been numerous occasions when we did not receive our mail, received the mail of others or received mail later than we expected (for example, refund checks).

(Doc. 31-1 at 1.)  Attached to the Affidavit is Plaintiff's copy of the Notice of Appeals Council Action, which includes Plaintiff's hand-written remarks.  (*Id.* at 3-5.)

Further, Plaintiff argues that even if it is determined that she has not made a showing that she received the notice on August 25, 2014, she still had until October 24, 2014 to file the Complaint in light of the provisions of Rule 6,

Fed.R.Civ.P.[3] and 20 C.F.R. § 416.120(d) (providing that periods of limitation

ending on non-work days are deemed to continue to the first day thereafter which

is not a Saturday, Sunday, or legal holiday or any other day all or part of which is

declared to be non-workday for Federal employees either by statute or Executive

Order).  Plaintiff explains that the five-day counting period begins on Tuesday,

August 19, 2014 (the day after the date of the notice), and because day five was

Saturday, August 23, 2014, Plaintiff should be deemed to have received the

notice on Monday, August 25, 2014.  Sixty days from that date is October 24,

2014.

The undersigned agrees with Plaintiff that Defendant's Motion should be

denied because the Complaint is timely.  First, through her own Affidavit, Plaintiff

has made a reasonable showing that she actually received the Notice of Appeals

Council Action on August 25, 2014.  Defendant has not presented any evidence

contradicting the affirmations in Plaintiff's Affidavit and, at this point, the Court has

no reason to question Plaintiff's veracity.  Therefore, Plaintiff has sufficiently

---

[3] Rule 6 applies to "computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time."  Fed.R.Civ.P. 6(a).  For periods stated in days, it provides as follows:
(A) exclude the day of the event that triggers the period;
(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.
Fed.R.Civ.P. 6(a)(1).

overcome the presumption that she received the notice within five days of its date.

Furthermore, even without the benefit of Plaintiff's Affidavit, the undersigned would still conclude that the Complaint is timely in light of the provisions of Rule 6, Fed.R.Civ.P.  Pursuant to Rule 6(a)(1)(A), the five-day counting period begins on Tuesday, August 19, 2014 (the day after the date of the notice), and ends, pursuant to Rule 6(a)(1)(C), on Monday, August 25, 2014 because August 23, 2014 is a Saturday.  In other words, because August 23, 2014 is a Saturday, Plaintiff is presumed to have received the notice the next day that is not a Saturday, Sunday, or legal holiday, which is Monday, August 25, 2014.  *See Flores v. Sullivan*, 945 F.2d 109, 110 n.1 (5th Cir. 1991) ("Flores was presumed to have received the notice on December 26, 1988, five days (excluding Christmas) after the date on the notice.").  Then, the 60-day period for commencing a civil action begins to run on Tuesday, August 26, 2014 and ends on October 24, 2014.  Plaintiff's Complaint was filed on October 23, 2014 and was, therefore, timely.  Based on the foregoing, Defendant's Motion should be denied.

Accordingly, it is respectfully **RECOMMENDED** that the Motion (**Doc. 25**) be **DENIED** and Defendant be directed to file an answer to the Amended Complaint within twenty (20) days of the Court's Order on this Report and Recommendation.

**DONE AND ENTERED** at Jacksonville, Florida, on February 8th, 2016.


MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE


Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

9