UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KIMBERLY C. STATUM,

    Plaintiff,

v.                                        Case No. 3:14-cv-1297-J-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER[1]**

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications for a Period of Disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). Plaintiff alleges she became disabled on January 14, 2008. (Tr. 13, 34.) A hearing was held before the assigned Administrative Law Judge ("ALJ") on November 15, 2012, at which Plaintiff was represented by an attorney. (Tr. 27-53.) The ALJ found Plaintiff not disabled from January 14, 2008 through December 12, 2012, the date of the decision.[2] (Tr. 10-21.)

In reaching the decision, the ALJ found that Plaintiff had "the following severe impairments: degenerative joint disease, Hepatitis C, bipolar disorder,

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 40, 41.)

[2] Plaintiff had to establish disability on or before March 31, 2012, her date last insured, in order to be entitled to a Period of Disability and DIB. (Tr. 13.)

gastroesophageal reflux disease (GERD), asthma, and alcohol abuse." (Tr. 15.) The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work, limiting Plaintiff, *inter alia*, "to simple routine work tasks involving up to 3-step commands with only occasional judgment and decision making and no more than occasional interaction with the general public, coworkers, and supervisors." (Tr. 18.)

Plaintiff is appealing the Commissioner's decision that she was not disabled from January 14, 2008 through December 12, 2012. Plaintiff has exhausted her available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, the briefs, and the applicable law. For the reasons stated herein, the Commissioner's decision is **AFFIRMED**.

## I.   Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence,

the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff argues that although the ALJ indicated he was giving "significant weight" to the examining opinions of Lauren Lucas, Ph.D. and the non-examining opinions of Theodore Weber M.Div., Psy.D. and Susan Shapiro, Ph.D., the ALJ did not adopt these opinions and failed to explain why he was not adopting these opinions in assessing the RFC.  Specifically, Plaintiff contends that the ALJ did not adopt these doctors' opinions that Plaintiff would have difficulty getting along with supervisors, and the opinions of Dr. Weber and Dr. Shapiro that Plaintiff would have difficulty accepting criticism from supervisors.  In other words, Plaintiff argues that by limiting her to occasional interaction with supervisors, the ALJ did not account for the limitations assessed by Drs. Lucas, Weber, and Shapiro, because the amount of time she can interact with supervisors is wholly different

3

from the ability to get along with supervisors or accept criticism from them.

Defendant responds, in relevant part:

> Although Plaintiff maintains that the doctors' opinions required more significant limitations in social functioning than found by the ALJ, the doctors merely stated that Plaintiff "would likely have difficulty in sustaining appropriate relations among coworkers and supervisors, particularly if she would feel slighted" (Tr. 394) (emphasis added) and "[w]ould be able to cooperate and be socially appropriate but would have difficulties accepting criticism from supervisors" (Tr. 398, 455) (emphasis added).  Thus, at most, these doctors opined that Plaintiff would have "difficulties," which the ALJ acknowledged and incorporated into the RFC by limiting Plaintiff to no more than occasional interaction with others (Tr. 17, 18, 19, 394, 398, 455).  The doctors did not opine, as Plaintiff appears to advocate, that she was precluded from social interactions, or that she was significantly or markedly restricted from interacting with others (Tr. 394, 398, 455).  Instead, the doctors' opinions speak for themselves quite plainly, and they merely stated that Plaintiff would have "difficulties" (Tr. 394, 398, 455).  The ALJ consider[ed], evaluated and weighed these opinions and incorporated them into the RFC determination (Tr. 18).

(Doc. 47 at 9-10.)

The Court agrees with Defendant.  The ALJ found that Plaintiff had the RFC to perform a reduced range of light work, limiting Plaintiff, *inter alia*, "to simple routine work tasks involving up to 3-step commands with only occasional judgment and decision making and no more than occasional interaction with the general public, coworkers, and supervisors."  (Tr. 18.)  In making this finding, the ALJ gave "significant weight" to the opinions of Drs. Lucas, Weber, and Shapiro.  (Tr. 19.)  The ALJ stated:

> [O]n March 29, 2011, the State physician, Theodore Weber, M.Div.,

4

> Psy.D., concluded that the claimant may have difficulty accepting criticism from supervisors but can otherwise engage in limited though appropriate social interaction with others based on her moderate social functioning limitations (Exhibits 7F-8F).  Because this opinion is consistent with the substantial evidence and considers the claimant's alleged social deficits, it is entitled to significant weight.
> . . .
> [O]n April 26, 2011, after interviewing the claimant and reviewing her mental health, the psychiatric examiner, Lauren E. Lucas, Ph.D., opined that the claimant "appears psychologically competent to perform routine repetitive task[s]" but would "likely have difficulty sustaining appropriate relations among coworkers and supervisors, particularly if she would feel slighted" (Exhibit 6F at page 5). Similarly, the State agency psychological consultants, Theodore Weber, M.Div., Psy.D. and Susan Shapiro, Ph.D. collectively opined that the claimant can still complete simple tasks and would have improved functioning if she abstained from using alcohol and illicit substances (Exhibits 7F-8F, 12F).  Because each of these opinions is based on a thorough review of the claimant's medical records and consider the occupational impact of the claimant's mental impairments and alleged symptoms over time, the undersigned gives them significant weight in the disability analysis.

(Tr. 17, 19.)

As shown above, the ALJ adequately considered the opinions of Drs. Lucas, Weber, and Shapiro, and his decision is supported by substantial evidence.  On April 26, 2011, Dr. Lucas performed a mental consultative examination, opining, *inter alia*, that Plaintiff "would likely have difficulty in sustaining appropriate relations among coworkers and supervisors, particularly if she would feel slighted."  (Tr. 394.)  On April 29, 2011, Dr. Weber completed a Mental RFC Assessment, assessing several moderate limitations, including a moderate limitation in Plaintiff's ability to accept instructions and respond

5

appropriately to criticism from supervisors.  (Tr. 396-98.)  In the Functional Capacity Assessment portion of the Mental RFC, Dr. Weber opined that Plaintiff "[w]ould be able to cooperate and be socially appropriate but would have difficulties accepting criticism from supervisors."  (Tr. 398.)  On July 24, 2011, Dr. Shapiro affirmed Dr. Weber's opinions "as they are written."  (Tr. 455.)

The ALJ incorporated these doctors' opinions in the RFC assessment and the hypothetical question to the VE by limiting Plaintiff to "no more than occasional interaction with the general public, coworkers, and supervisors" (Tr. 18, 49-50).  *See Weaver v. Colvin*, Case No. 3:13-cv-337, 2014 WL 4793947, *18 (M.D. Pa. Sept. 23, 2014) ("The ALJ appropriately accommodated for a moderate limitation in ability to interact with co-workers and supervisors by limiting [claimant] to only occasional interaction with co-workers and supervisors.") (citing *Brassfield v. Colvin*, Case No. 4:11-cv-847, 2013 WL 1345644 (M.D. Pa. Apr. 2, 2013)); *Whitfield v. Colvin*, Case No. 1:13-cv-199-MP-CAS, *11 (N.D. Fla. June 27, 2014) ("Consistent with the evidence, the ALJ accounted for Plaintiff's moderate difficulties in social functioning and regarding his concentration, persistence, or pace by including, among other factors, in his hypothetical question to the vocational expert that Plaintiff 'mentally would be limited to simple, routine, repetitive tasks; concentrate and persist for two hour segments; would be limited to occasional changes in the work setting, and occasional interactions with the public, coworkers and supervisors . . . .'"); *Vantuyl v. Colvin*, 985 F. Supp. 2d

880, 892 (N.D. Iowa 2013) (finding that the ALJ accounted for, *inter alia*, moderate limitations in the ability to accept instructions and respond appropriately to criticism from supervisors, by limiting claimant to no more than brief, superficial (not intense, frequent, or constant) social interaction with co-workers, supervisors, or the general public); *see also Washington v. Soc. Sec. Admin.*, 503 F. App'x 881, 883 (11th Cir. Jan. 15, 2013) (per curiam) ("The ALJ took account of Washington's moderate limitations in social functioning by asking the VE a hypothetical question that included the restriction that Washington was limited to jobs that involved only occasional interaction with the general public and coworkers, a limitation that evidence supported."); *Stokley v. Comm'r of Soc. Sec.*, 2013 WL 4049526, *13 (N.D. Ohio Aug. 9, 2013) ("Dr. Wax concluded Plaintiff would have difficulty working around most people, which the ALJ accounted for in her decision by limiting Plaintiff to occasional interaction with the public, her supervisor, and coworkers.").

### III.  Conclusion

The Court does not make independent factual determinations, re-weigh the evidence, or substitute its decision for that of the ALJ.  Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence.  Based on this standard of review, the Court concludes that the ALJ's decision that

Plaintiff was not disabled within the meaning of the Social Security Act for the time period in question is due to be affirmed.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court shall enter judgment consistent with this Order, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on February 27, 2017.

                                              MONTE C. RICHARDSON
                                              UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record